# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

TONY PERKINS, :
:
    Plaintiff :
:
VS. :
: 1: 09-CV-60 (WLS)
:
MICHAEL J. ASTRUE, :
Commissioner of Social Security, :
:
    Defendant. :

## RECOMMENDATION

    The Plaintiff herein filed this Social Security appeal on April 17, 2009, challenging the Commissioner's final decision denying his application for disability benefits, finding him not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

    In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is

supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five step sequential evaluation process. 20 C.F.R. § 404.1520. In Step One, the Commissioner determines whether the claimant is working. In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits his ability to carry out basic work activities. At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations. At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work. Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

*Administrative Proceedings*

The Plaintiff filed an application for Supplemental Security Income benefits and disability insurance benefits on March 1, 2006, alleging disability since March 13, 2005, due to cirrhosis of the liver and depression. (T-17,146). His claim was denied initially and upon reconsideration. (T - 60, 62). A hearing was held before an ALJ in Albany, Georgia on February 12, 2008. (T-38-58). Thereafter, in a hearing decision dated February 28, 2008, the ALJ determined that the Plaintiff was not disabled. (T-14-30). The Appeals Council denied review on February 18, 2009, making the February 2008 decision the final decision of the Commissioner. (T-1-4).

*Statement of Facts and Evidence*

The Plaintiff was forty-one (41) years of age at the time of the ALJ's decision. (T- 105). He

has a tenth grade education and has past relevant work experience as a cook and a laborer. (T-29, 151). As determined by the ALJ, Plaintiff suffers from severe impairments in the form of cirrhosis of the liver, gastroesophageal reflux disease (GERD); possible borderline intellectual functioning; and a mental impairment variously diagnosed as depression, anxiety and bipolar disorder. (T-20). The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and further, that Plaintiff retained the residual functional capacity to perform light work. (T-23, 24). The ALJ concluded that the Plaintiff could not return to his past relevant work. (T - 28). After receiving vocational expert testimony, the ALJ determined that the Plaintiff could perform jobs which existed in substantial numbers in the national economy and he was thus not disabled. (T-29, 30).

## DISCUSSION

*Listing 12.05(C)* (*20 C.F.R. Ch. III, Pt. 404, Subpt. P, App. 1*)

The Plaintiff argues initially that the ALJ erred in finding that his impairments did not meet or equal listing 12.05(C), which addresses disability based on mental retardation. Listing 12.05, entitled "Mental retardation", provides that "[m]ental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22." Part C of this listing dictates a finding of disability when a claimant has "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function". Therefore, "[t]o be considered for disability benefits under section 12.05, a claimant must at least (1) have significantly subaverage general intellectual functioning; (2) have deficits in adaptive behavior; and (3) have manifested deficits in adaptive behavior before age 22." *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir.

1997).

In order to establish that his impairments meet or equal one or more of those set out in the List of Impairments (Appendix 1, 20 C.F.R. Part 404), a claimant must present specific medical findings that meet the tests for the applicable impairment or medical evidence that demonstrates how the impairment is equivalent to the listings. *Bell v. Bowen*, 796 F.2d 1350, 1353 (11th Cir. 1986) (plaintiff must "present specific medical findings that meet the various tests listed under the description of the applicable impairment or, if in the alternative he contends that he has an impairment which is equal to one of the listed impairments, the claimant must present medical evidence which describes how the impairment has such an equivalency"); *Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

"[A] claimant meets the criteria for presumptive disability under Listing 12.05(C) when the claimant presents a valid I.Q. score of 60 to 70 and evidence of additional mental or physical impairment." *Hodges v. Barnhart*, 276 F.3d 1265, 1268 (11th Cir. 2001). However, this presumption can be overcome by evidence of Plaintiff's education, work history, and daily activities. *Id.*

The Plaintiff argues that he has established presumptive disability based on his IQ scores (full-scale IQ score of 65; performance IQ score of 63) and physical impairments in the form of cirrhosis, GERD, and a mental impairment, and that the ALJ improperly rejected the presumption of mental retardation.

The Commissioner argues that the presumption of disability is rebutted by evidence of Plaintiff's activities, work, and education. The ALJ specifically considered Plaintiff's impairments under Listings 12.02 and 12.04, but did not mention or consider whether Plaintiff's conditions met

4

the requirements of disability under Listing 12.05(C). (T - 23-24). Listing 12.02 pertains to "Organic Mental Disorders" and Listing 12.04 pertains to "Affective Disorders", and each of these listings sets out requirements for a finding of disability that are separate and distinct from those found in Listing 12.05(C), categorized as "Mental retardation". The Commissioner herein does not dispute the Plaintiff's IQ scores of full scale IQ of 65 and performance IQ of 63, and the ALJ specifically found that the Plaintiff suffered from other severe impairments. Furthermore, the ALJ incorporated evidence of Plaintiff's deficits in adaptive functioning into his findings, specifically setting out that

> [w]ith regard to concentration, persistence or pace, the claimant has moderate difficulties. The claimant testified that he sometimes got confused when he last tried to work. Further, it may be that the claimant's history of alcoholism precipitated some cognitive decline. . . . [T]he claimant is limited to performing simple tasks only which require no more than third-grade reading ability, and which require no more than limited public contact.

(T - 24).

It appears, therefore, that the Plaintiff "was entitled to the benefit of the rebuttable presumption established in *Hodges*, and the ALJ was charged with determining whether there was sufficient evidence to rebut that presumption." *Grant v. Astrue*, 255 Fed.Appx. 374, 375 (11th Cir. 2007). The ALJ's decision reveals no consideration of whether Plaintiff's condition met Listing 12.05(C).

Additionally, the ALJ's decision does not reveal any consideration by the ALJ of whether the rebuttable presumption of mental retardation was properly in place, in regard to Plaintiff's other impairments and his resulting limitations of function, nor does the ALJ's decision evidence consideration of whether the presumption was rebutted by Plaintiff's work, education, and daily

5

activities. Although the ALJ rejects the finding of consultative examiner Dr. Willers that the Plaintiff suffers from mental retardation, the ALJ does not do so within the parameters of Listing 12.05(C) and does not specifically address or reject the validity of Plaintiff's IQ scores. The Court may note an "implied finding that a claimant does not meet a listing", but such an implied finding is absent from the ALJ's decision herein, especially in light of the ALJ's specific discussion of other listings under §12.00 Mental Disorders. *Keane v. Comm'r. Of Social Security*, 205 Fed.Appx. 748, 750 (11th Cir. 2006) ("[t]here may be an implied finding that a claimant does not meet a listing.") The ALJ thus failed to properly apply the standard under Listing 12.05(C) and failed to address the presumption of disability thereunder.

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter was reached through improper application of the legal standard under Listing 12.05(C), it is the recommendation of the undersigned that the Commissioner's decision be **REVERSED AND REMANDED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO RECOMMENDED**, this 1st day of September, 2010.

S/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb