IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| TONY PERKINS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | 1: 09-CV-60 (WLS) |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

**RECOMMENDATION**

The above-styled Social Security appeal is presently before the Court on Plaintiff's Motion for Attorney's Fees. (Doc. 16). On September 21, 2010, the district court entered an order reversing the Commissioner's decision in this matter and remanding it to the administrative level for further proceedings. (Doc. 14). On December 16, 2010, Plaintiff filed a Motion for Attorney's Fees pursuant to 28 U.S.C. § 2412(d), a provision of the Equal Access to Justice Act, and 42 U.S.C. § 406(b), a provision of the Social Security Act. (Doc. 16). Plaintiff's attorney seeks an award of attorney's fees in the amount of $ 6585.51, based on an hourly rate of $175.38 for 37.55 attorney work hours, as well as additional compensation for preparing a reply brief. (Docs. 16, 18). The Commissioner filed a Response objecting to the number of attorney hours requested, the hourly rate requested, and the total amount of fees requested. (Doc. 17). Additionally, the Commissioner objects to the attorney's fees being paid directly to Plaintiff's counsel, and instead requests that the attorney's fees be paid directly to Plaintiff.

DISCUSSION

The Equal Access to Justice Act ("EAJA"), as codified at 28 U.S.C. § 2412(d)(1)(A), provides that "a court shall award to a prevailing party other than the United States fees and other

expenses, . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  Subsection (d)(2)(A) further provides that awards of attorney's fees shall be based on prevailing market rates for comparable services, but that fees in excess of $125 per hour shall not be awarded, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

Here, the Commissioner concedes that Plaintiff is the prevailing party; thus, the undersigned recommends the award of fees pursuant to the EAJA.  The parties disagree as to the amount of the fees and the hourly rate at which Plaintiff's counsel should be compensated.

*A. Number of hours*

The Commissioner contends that the requested hours of attorney work are generally excessive and therefore unreasonable for this case.  (Doc. 17).  The Commissioner further asserts that a portion of the hours sought by Plaintiff's counsel are duplicative.

The district court is responsible for excluding any unnecessary work from the fee award. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301-1302 (11th Cir. 1988).  "A court may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment."  *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988).

> Redundant hours generally occur where more than one attorney represents a client.  There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer.

*Norman*, 836 F.2d at 1301-1302.  As this is an EAJA case, the Court must consider the reasonableness of time spent under the lodestar method.  *Commissioner, Immigration and*

2

*Naturalization Service v. Jean*, 496 U.S. 154, 161 (1990).

The typical attorney work time expended in an EAJA case ranges between twenty (20) and forty (40) hours. *See Patterson v. Apfel*, 99 F.Supp.2d. 1212, 1214 n. 2 (C.D. Cal. 2000) (survey of social security disability cases suggests an average range of twenty to forty hours); *Grey v. Chater*, 1997 WL 12806, *1-2 (S.D.N.Y. Jan. 14, 1997) (citing cases supporting a "twenty to forty hour benchmark" for social security fee awards); *Hardy v. Callahan*, 1997 WL 470355, *9 & n. 10 (E.D. Tex. Aug. 11, 1997) (finding that the typical social security fee award under EAJA is between thirty and forty hours).[1]

Herein, Plaintiff is requesting an award of attorney's fees for 37.55 attorney hours worked. The undersigned finds that 37.55 attorney work hours is generally reasonable for this particular case. While the number of hours requested in this case is generally reasonable, Plaintiff appears to be requesting attorney's fees for certain services that are duplicative or excessive.

*1. Duplicative hours*

The Commissioner states that Plaintiff's counsel is asking for duplicative fees regarding the drafting and filing of the district court brief. Plaintiff's counsel has asked for 4 hours for reviewing and filing a brief written by Cory Brandt, an attorney experienced in social security law. *See* Doc. 16-4, Brandt Affidavit. Brandt spent 22.4 hours reviewing the file, and researching, writing, editing, and revising the district court brief. *Id.* Then, Plaintiff's counsel spent another 4 hours making final revisions, preparing to file, and filing the brief. (Doc. 16-3).

The Commissioner concedes that Plaintiff's counsel should review a document prior to

---

[1]*See also Cobbs v. Astrue*, 2011 WL 13652 (S.D. Tex. Jan. 4, 2011) (determining 39.9 hours was reasonable in a social security case); *Kornhauser v. Astrue*, 2010 WL 4830055, *2 (M.D. Fla. Nov. 4, 2010) (attorney's fees granted for 34 hours with an 800 page record with no index for the medical records); *Spruil v. Bowen*, 691 F.Supp. 302, 307 (M.D. Fla. 1988) (reducing fees to 37.7 hours for the hours reasonably expended on the plaintiff's behalf).

signing it; however, the Commissioner believes that 4 hours for review of the brief is unreasonable and requests the Court to reduce Plaintiff's petition by 2 hours. It is reasonable for one attorney to draft a document, while another attorney makes final revisions and files the document. These are services that would be reasonably billed to a client. However, in this case, the time sought for review is excessive. *See Jackson v. Astrue*, 2010 WL 2330269 (N.D. Fla. May 11, 2010) (finding average brief writing for a non-complex social security case to be twenty hours); *Davis v. Apfel*, 2000 WL 1658575 (M.D. Fla. Aug. 14, 2000) (finding two hours for reviewing a brief drafted by another attorney to be appropriate); *Burleson v. Astrue*, 2009 WL 364115 (W.D. Wash. Feb 9, 2009) (deducting the time one attorney spent reviewing a brief written by co-counsel because "it is duplicative for one highly experienced attorney to charge additional fees simply for reading the work of another highly experienced attorney"). Accordingly, the undersigned recommends that 2 hours be deducted from the time expended on July 22, 2009 for the final revisions and filing of the district court brief.

The Commissioner further asserts that Plaintiff's reply brief is essentially duplicative of arguments presented in his initial brief, and that Plaintiff's claim for the time spent drafting the reply brief should be reduced by 2 hours. The Court agrees that the 4 hours sought by Plaintiff's counsel for the drafting of a reply brief, which essentially sets out the same arguments put forth in his initial brief, is excessive, and recommends that 2 hours be deducted from the time expended on September 28, 2009 for drafting and final revisions to the reply brief.

*2. Clerical tasks*

The Commissioner also objects to Plaintiff's counsel requesting payment for non-legal tasks of checking, receiving, and reviewing various filed documents. (Doc. 17). Plaintiff asserts that the tasks at issue were minimal in nature and points out that the Commissioner has failed to identify any

specific task that he deems "clerical". (Doc. 18).

In general, an attorney should not bill at a professional hourly rate for clerical services deemed reasonably performed by members of a law firm's support staff. *Surge v. Massanari*, 155 F.Supp.2d 1301, 1305 (M.D. Ala. 2001). Clerical tasks are properly considered overhead, and are not compensable under the EAJA because the services do not require professional skill or expertise. *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989); *Mobley v. Apfel*, 104 F.Supp.2d 1357, 1360 (M.D. Fla. 2000). Clerical tasks include, but are not limited to the following: "preparing summons, copying documents, filing documents at the Clerk's office, serving pleadings, receiving documents, and mailing documents." *Surge*, 155 F.Supp.2d at 1305 n. 7.

The affidavit submitted by Plaintiff's counsel, Charles Martin, lists several entries for reimbursement labeled "check for" or "rec'd and reviewed", which the Commissioner asserts are clerical tasks. (Docs. 16-3, 17). The undersigned finds that the following time entries represent clerical tasks:

> a. Martin's claim of .1 hours on April 17, 2009 to "check for filed complaint, . . . rec'd and rev'd FILED complaint, pauper stuff"
>
> b. Martin's claim of .1 hours on April 20, 2009 for "rec'd and reviewed order referring case . . ."
>
> c. Martin's claim of .1 hours on April 20, 2009 to "check for Order granting pauper . . ."
>
> d. Martin's claim of .1 hours on April 21, 2009 to "check for summons, effect service/ rec'd and reviewed notice that summons were issued . . . "
>
> e. Martin's claim of .1 hours on April 23, 2009 because he "rec'd and reviewed notice from court that the USM 285 were mailed . . ."
>
> f. Martin's claim of .1 hours on May 21, 2009 to "check for service of process . . ."
>
> g. Martin's claim of .15 hours on June 23, 2009 because he "rec'd and reviewed

>election form sent by the clerk . . . completed and filed electronically consent selection"
>
>h. Martin's claim of .2 hours on June 24, 2009 to "check for answer/transcript . . . rec'd and reviewed electronic copy of answer..."
>
>i. Martin's claim of .1 hours on August 20, 2009 because he "rec'd and rev'd defendant's motion for extension of time to file their brief . . ."
>
>j. Martin's claim of .1 hours on August 21, 2009 because he "rec'd and rev'd order granting Defendant motion for extension . . ."
>
>k. Martin's claim of .1 hours on September 18, 2009 to "check for defendant's brief . . ."
>
>l. Martin's claim of .1 hours on April 30, 2010 because he "rec'd and rev'd notice of assignment . . ."
>
>m. Martin's claim of .1 hours on September 2, 2010 to "check for R&R . . ."
>
>n. Martin's claim of .1 hours on September 22, 2010 to "check for remand Order . . . rec'd and rev'd Remand Order . . ."

*See Surge*, 155 F.Supp.2d at 1305-1306. As the above stated hourly requests are clerical tasks, the undersigned recommends that 1.55 hours be reduced from Plaintiff's requested number of attorney work hours. Thus, it is the recommendation of the undersigned that Plaintiff be awarded fees for a total of 32 hours (37.55 minus 5.55 hours) of his attorney's work.

*B. Hourly rate*

The Commissioner also objects to Plaintiff's request for the 2010 Consumer Price Index ("CPI") rate for work that was performed in 2009, and requests the Court apply the historical rate of $172.24 for the hours billed in 2009. (Doc. 17). The Commissioner does not contest the 2010 rate requested by the Plaintiff for work performed in 2010. Plaintiff contends that the cost of living adjustments to the EAJA cap should be made at the conclusion of the case rather than when the

hours were billed.  *See* Doc. 18.

Reimbursement of expenses shall be awarded using the current rates, rather than the historic rates, only when there is an exceptional delay that warrants an enhancement.  *Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035, 1045 (11th Cir. 2010); *see also Hartage v. Astrue*, 2011 WL 1123401 (M.D. Ga. Mar. 24, 2011) (finding that there was no exceptional delay in a social security case so the attorney's fees were awarded based on the historic rate for the year the services were performed).  Herein, Plaintiff's attorneys completed billable hours in 2009 and 2010.  As there is no evidence of an exceptional delay that would result in an enhancement of attorney's fees, the historic rates should be applied to the hours billed in 2009 and 2010.  Thus, the undersigned recommends an award of $ 5515.13, detailed in the following chart:

| Year | Hours Expended | Hourly Rate | Total |
|------|----------------|-------------|-------|
| 2009 | 30.9 | $172.24 | $ 5322.216 |
| 2010 | 1.1 | $175.38 | $ 192.918 |
| Total | | | $ 5515.13 |

*C. Assignment of EAJA fees*

Plaintiff has requested that the award of attorney's fees be paid by direct deposit into Plaintiff's counsel's bank account.  (Doc. 16).  The Commissioner objects to the request that the fee be paid directly to Plaintiff's counsel, and asks that the fee be paid to Plaintiff.  (Doc. 17).

The EAJA statutory language "'prevailing party' unambiguously directs the award of attorney's fees to the party who incurred those fees and not to the party's attorney."  *Reeves v. Astrue*, 526 F.3d 732, 735 (11th Cir. 2008).  The attorney's fee award is subject to an offset to satisfy any pre-existing debt owed to the Government by a litigant.  *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010).  The Commissioner may award attorney's fees directly to Plaintiff's counsel if

7

the fee has been assigned to the attorney and Plaintiff has no outstanding federal debt. *Id.* at 2529. The Commissioner asserts that a determination regarding whether Plaintiff has an outstanding debt will be made after the court awards EAJA fees. (Doc. 17).

Further, the Commissioner states that Plaintiff has executed a document which assigns the right of the attorney's fees to his attorney; however, the assignment is invalid. *Id.* Under the Anti-Assignment Act, an assignment is valid "only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C. § 3727(b). Thus, any document assigning rights to Plaintiff's counsel is invalid because no claim has been allowed and no amount has been decided. Additionally, the Commissioner has not agreed to waive the requirements of the Anti-Assignment Act. (Doc. 17). As the attorney's fees are to be paid to the prevailing party and there is no valid assignment, the undersigned recommends that any award of attorney's fees under the EAJA be paid directly to the Plaintiff.

*D. Social Security Act fees*

Plaintiff also requests that he be given thirty (30) days after the date of the Social Security closeout letter to file a motion for attorney's fees under 42 U.S.C. § 406(b). Under §406(b), a plaintiff can recover maximum attorney's fees in the amount of twenty-five percent (25%) of Plaintiff's past-due benefits. 42 U.S.C. § 406(b). Fees may be awarded under both the Social Security Act and the EAJA, but the plaintiff's attorney must refund the smaller fee award to the plaintiff. *Jackson v. Commissioner of Social Security*, 601 F.3d 1268, 1271 (11th Cir. 2010). As it is necessary for the court to know the amount of past-due benefits, it is the recommendation of the undersigned that Plaintiff be given thirty (30) days after the date of the closeout letter to file for fees under § 406(b). *See* U.S. M.D.Ga. Standing Order 2009-01.

**Conclusion**

The undersigned RECOMMENDS that Plaintiff's Motion for Attorney's Fees be **GRANTED IN PART as follows**: Plaintiff be awarded fees for his attorney's work in the amount of $5953.58, representing $ 5515.13, plus $ 438.45 for 2.5 hours of work to prepare a reply to the Commissioner's objections to Plaintiff's request for attorney's fees.  This award is to be paid directly to Plaintiff, rather than to Plaintiff's counsel.  The undersigned further RECOMMENDS that Plaintiff be given thirty (30) days after the date of the closeout letter to file for fees under 42 U.S.C. § 406(b).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 11th day of October, 2011.

s/  *THOMAS Q. LANGSTAFF*

UNITED STATES MAGISTRATE JUDGE